**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

NOV 20 2026

FILED

| | | |
|---|---|---|
| AMETHYST JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | CV 126-244 |
| CITY OF WASHINGTON, GEORGIA; BRUCE BAILEY; DONALD "WILL" LONG; and YOSHE JENKINS, | * | |
| Defendants. | * | |

**O R D E R**

Defendants move to stay discovery pending resolution of their motion to dismiss Plaintiff's complaint and Plaintiff objects. For the reasons set forth below, the Court **GRANTS** the request for a stay. (Doc. 50-2.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears

> to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary look at the defense motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the defense motion seeks dismissal of all claims. (See doc. 50.) When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendants' motion to dismiss.[1] Should any portion

[1] The Court declines to impose a time-limited stay or enter any order regarding preservation obligations as Plaintiff suggests in her

of the case remain after resolution of the motion to dismiss (doc. 50), the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the ruling. In the event the ruling on the pending dispositive motion provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the Court to that effect in a status report to be filed within seven days from the date of the ruling.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of November, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

response to the Motion to Stay. (Doc. 52, at 10.) Plaintiff alleges without support that "[p]rolonged delay may make preservation and identification of [certain] records more difficult." (Id.) Such generalized concerns are insufficient to demonstrate prejudice justifying denying the stay. See Doe v. Wayne Cnty. Sch. Sys., No. 2:24-cv-005, 2024 WL 3317752, at *4 (S.D. Ga. July 5, 2024) (finding that the plaintiff failed to demonstrate any substantial prejudice by "stat[ing] only generalized concerns that all plaintiffs may encounter"). Plaintiff does not identify any specific documents that would be unavailable following the stay or any tangible evidence actually at risk of destruction. In short, Plaintiff fails to identify any specific prejudice, or any risk of spoliation from failure to preserve, that will arise from waiting a few months to begin discovery.